UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN HANNAWAY, derivatively on behalf of SPROUT SOCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> JUSTYN HOWARD, RYAN BARRETTO, JOE DEL PRETO, AARON RANKIN, PETER BARRIS, STEVEN COLLINS, RAINA MOSKOWITZ, THOMAS STANLEY, and KAREN WALKER, <br><br> Defendants, <br><br> and <br><br> SPROUT SOCIAL, INC., <br><br> Nominal Defendant | Case No. 1:24-cv-08008 <br><br> **ORDER TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS, AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION** |
| RICHARD MUNCH, Derivatively on Behalf of Nominal Defendant SPROUT SOCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> JUSTYN HOWARD, RYAN BARRETTO, JOE DEL PRETO, THOMAS STANLEY, PETER BARRIS, STEVEN COLLINS, RAINA MOSKOWITZ, AARON RANKIN, and KAREN WALKER, <br><br> Defendants, <br><br> SPROUT SOCIAL, INC., <br><br> Nominal Defendant | |

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"), plaintiffs Stephen Hannaway ("Hannaway") and Richard Munch ("Munch") ("Munch" and together with Hannaway, "Plaintiffs"), nominal defendant Sprout Social, Inc. ("Sprout Social" or the "Company"), and defendants Justyn Howard ("Howard"), Ryan Barretto ("Barretto"), Joe Del Preto ("Del Preto"), Aaron Rankin ("Rankin"), Peter Barris ("Barris"), Steven Collins ("Collins"), Raina Moskowitz ("Moskowitz"), Thomas Stanley ("Stanley"), and Karen Walker ("Walker") (collectively, the "Individual Defendants" and together with Sprout Social, "Defendants" and together with Plaintiffs, the "Parties") jointly submit this stipulation to consolidate the above captioned shareholder derivative actions ("Stipulation"), appoint co-lead counsel, and apply the existing stay to the consolidated action, and in support thereof state as follows:

**WHEREAS,** on September 3, 2024, Plaintiff Hannaway filed a putative shareholder derivative action lawsuit in this Court, purportedly on behalf of Sprout Social, asserting claims for breach of fiduciary duty, unjust enrichment, waste of corporate assets, aiding and abetting, and violations of Section 10(b) of the Securities Exchange Act of 1934, (the "Exchange Act"), U.S. Securities Exchange Commission ("SEC") Rule 10b-5, Section 14(a) of the Exchange Act, and SEC Rule 14a-9, against the Individual Defendants; and for insider selling and misappropriation of information against defendants Howard, Barretto, Del Preto, Rankin, Collins, Stanley, and Walker (the "*Hannaway* Action");

**WHEREAS,** on October 23, 2024, the Court entered the Joint Stipulation to Stay the *Hannaway* Action (the "Stay Order," ECF No. 9) which, *inter alia*, stayed the *Hannaway* Action pending the earliest of: (i) entry of a final, non-appealable order on any summary judgment motions in the consolidated securities class action captioned *Munch v Sprout Social, Inc., et al.*, Case No. 1:24-cv-03867, currently pending in the Northern District of Illinois (the "Securities Litigation");

1

(ii) plaintiff's counsel in the *Hannaway* Action receiving notification that there has been a settlement or other mediated resolution in the Securities Litigation; or (iii) as otherwise agreed to by the parties;

**WHEREAS,** pursuant to the Stay Order, any "Related Derivative Action subsequently filed in this Court purportedly on behalf of nominal defendant Sprout Social against some or all of the Individual Defendants herein and arising out of the same or similar alleged facts or circumstances shall be consolidated with [the *Hannaway* action] and subject to this order";

**WHEREAS,** on December 17, 2024, Plaintiff Munch filed a putative shareholder derivative action lawsuit on behalf of Sprout Social asserting claims for breach of fiduciary duty against the Individual Defendants, and violation of Section 14(a) of the Exchange Act against defendants Howard, Stanley, Barris, Collins, Rankin, and Walker (the "*Munch* Action," and together with the *Hannaway* Action, the "Derivative Actions");

**WHEREAS,** on January 17, 2025, Plaintiffs filed Plaintiffs' Unopposed Motion for Reassignment of Cases as Related seeking to relate the Derivative Actions and reassign the *Munch* Action to the Honorable Robert W. Gettleman, which this Court granted on January 21, 2025 (ECF No. 12);

**WHEREAS,** under Rule 42(a), when actions "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay;"

**WHEREAS,** the Derivative Actions challenge substantially the same alleged conduct by similar Company directors and executive officers, involve substantially the same questions of law and fact, and are based on the same factual allegations;

**WHEREAS,** the Parties agree that the Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action (hereinafter referred to as the "Consolidated Derivative Action") in order to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources;

**WHEREAS,** in order to realize the efficiencies made possible by consolidation of the Derivative Actions, Plaintiffs agree that Bragar Eagel & Squire, P.C. ("BES") and Glancy Prongay & Murray LLP ("GPM")[1] shall be designated as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action;

**WHEREAS,** Defendants take no position on the appointment of Co-Lead Counsel for Plaintiffs or the rights and responsibilities of Co-Lead Counsel contemplated at Paragraphs 8 and 9 of this Stipulation;

**WHEREAS,** this Stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses;

**IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, by their undersigned counsel, subject to approval of the Court, as follows:

1. The Stay Order is temporarily lifted for the limited purpose of the filing of, and the Court's ruling on, this Stipulation;

2. Defendants, through their undersigned counsel, hereby accept service of the summons and complaint in the *Munch* Action without waiver of any rights, defenses, arguments, or objections except as to sufficiency of service.

3. The Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, into the Consolidated Derivative Action.

---

[1] Attached hereto as Exhibits A and B are BES's and GPM's firm resumes.

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Hannaway v. Sprout Social, Inc., et al.* | 1:24-cv-08008 | September 3, 2024 |
| *Munch v. Howard, et al.* | 1:24-cv-12974 | December 17, 2024 |

4. Every pleading filed in the Consolidated Derivative Action, or in any separate action later consolidated with this action, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE SPROUT SOCIAL, INC., STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 1:24-cv-08008 |
| This Document Relates To: ALL ACTIONS. | |

5. The files of the Consolidated Derivative Action shall be maintained in one file under Master File No. 1:24-cv-08008. All documents previously filed and/or served in the Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

6. This Order shall apply to each related purported shareholder derivative action asserting claims derivatively on behalf of Sprout Social ("Potential Subsequent Related Derivative Actions") that is filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court. When a case which properly belongs as part of *In re Sprout Social, Inc. Stockholder Derivative Litigation*, Lead Case No. 1:24-cv-08008, is hereafter filed in, removed to, reassigned to, or transferred to this Court, counsel for the Parties shall call such filing, removal, reassignment, or transfer to the attention of the Clerk of the Court for purposes of moving the Court for an order consolidating such case(s) with *In re Sprout Social, Inc. Stockholder Derivative Litigation*, Lead Case No. 1:24-cv-08008. Unless otherwise ordered, the terms of all

4

orders, rulings, and decisions in the Consolidated Derivative Action shall apply to Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, and all Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court shall be consolidated into the Consolidated Derivative Action.

7. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action shall be:

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
Marion C. Passmore
810 Seventh Avenue, Suite 620
New York, New York 10019
Tel: (212) 308-5858
Fax: (212) 214-0506
fortunato@bespc.com
passmore@bespc.com

**GLANCY PRONGAY & MURRAY LLP**
Benjamin I. Sachs-Michaels
745 Fifth Avenue, Fifth Floor
New York, New York 10151
Telephone: (212) 935-7400
E-mail: bsachsmichaels@glancylaw.com

-and-

Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
prajesh@glancylaw.com

8. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in the Consolidated Derivative Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs in the Consolidated Derivative Action. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

10. Defendants' counsel may rely upon all agreements made with counsel of record from either Co-Lead Counsel, or other duly authorized representatives of Co- Lead Counsel, and such agreements shall be binding on all Plaintiffs.

11. By entering this Stipulation, Defendants have not waived, and expressly preserve, all available rights, claims, defenses, arguments, and objections. Nothing herein shall be construed as a waiver of any Defendant's rights or positions in law or in equity, or as a waiver of any defenses that any Defendant would otherwise have, including, but not limited to, those relating to jurisdiction or venue.

12. The Stay Order entered by the Court in the *Hannaway* Action will apply to the Consolidated Derivative Action, and shall be immediately in effect following this Court's ruling on this Stipulation.

The Parties hereby consent to the form and entry of this order.

**IT IS SO STIPULATED.**

DATED: February 14, 2025          By:    */s/ Anthony F. Fata*
                                         **KIRBY McINERNEY LLP**
                                         Anthony F. Fata
                                         Sarah E. Flohr
                                         Cormac H. Broeg
                                         211 West Wacker Drive, Suite 550
                                         Chicago, IL 60606
                                         Tel: (312) 767-5180
                                         Fax: (312) 767-5181
                                         afata@kmllp.com

sflohr@kmllp.com
cbroeg@kmllp.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (admitted *pro hac vice*)
Marion C. Passmore (admitted *pro hac vice*)
810 Seventh Avenue, Suite 620
New York, NY 10019
Tel: (212) 308-5858
Fax: (212) 214-0506
fortunato@bespc.com
passmore@bespc.com

*Counsel for Plaintiff Stephen Hannaway*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 West Jackson, Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
malmstrom@whafh.com

**GLANCY PRONGAY & MURRAY LLP**
Benjamin I. Sachs-Michaels
745 Fifth Avenue, Fifth Floor
New York, New York 10151
Tel: (212) 935-7400
bsachsmichaels@glancylaw.com

*Counsel for Plaintiff Richard Munch*

DATED: February 14, 2025        By:    /s/ *Dane A. Drobny*

**WINSTON & STRAWN LLP**
Dane A. Drobny
35 West Wacker Drive
Chicago, Illinois 60601-9703
Tel: (312) 558-5600
Fax: (312) 558-5700
ddrobny@winston.com

Matthew L. DiRisio
Matthew D. Olsen
200 Park Avenue
New York, New York 10166

7

Tel: (212) 294-4600
Fax: (212) 294-4700
mdirisio@winston.com
molsen@winston.com

*Counsel for Defendants*

SO ORDERED this 14th day of February, 2025.

_____
The Honorable Robert W. Gettleman